May I reserve five minutes for rebuttal? Keep your eye on the clock. We'll try to help you. Thank you. May it please the Court, Bill Boyce on behalf of Appellant Roach. Fred Schrader induced Roach to invest in RBS based on the promise that there would be a 50% financial interest to be realized when RBS was sold. Yes, let me ask you this. You're a lawyer, I'm sure a very skilled lawyer. Your client is a lawyer. I don't know what the rules are in Texas, but in California, Rule 3-300 is very strict. If you're a lawyer and you're going to do business with a client, you've got to put it in writing, you've got to advise them that they can see another lawyer before, and then it's got to be fair, and if there's any problem, the burden is on the lawyer. I understand your client's position. He loaned some money, the other guy says he'll lend it back, but there is no writing. So how can we overturn what the district judge did here? The burden of proof is on you. Do you agree? The answer to your question, Judge, is that summary judgment is not appropriate in these circumstances because of multiple disputed fact issues. There are three disputed fact issues. Number one, whether Roach represented sellers simultaneously while claiming an interest in sellers. That's a question of who is the client and what is the timing of that. There are also questions of fact that preclude summary judgment with respect to whether the arrangement was fair, whether there was any advantage taken, and whether there was a breach of fiduciary duty. But let me set the stage a little bit because I think if you work your way through the district court summary judgment order, what you'll see is a very long chronology at the beginning of it, and what it does is we at least have some bookends. We know that the RBS agreement, which was between Roach and Fred, arose in 2001. We know that any provision of attorney services ended in 2016. Those are our bookends. Between those bookends, what you see in the record are fact issues about who was represented when. And this is where some extra precision is very much needed because the district court's opinion refers interchangeably to Fred and to sellers and to RBS. So the district court found that when you look at the total time period, including the time when your client received extra cases of wine and so on, and partial repayment of the loan and so on, how do we deal with that? I mean, basically, from the court's perspective, the lower court, the bookend, whichever client it is, they're both involved during that time period. Do you disagree with that? There are different involvements at different time periods, and the different time periods are crucial, and the different time periods give rise to the fact issues. Because here is the two important takeaways that I'd zero in on. Number one, it is undisputed that RBS is separate from sellers. Number two, Roche did not make any pleading or allegation or contention of having an interest in sellers until 2021. Counsel, I want to make sure I understand part of your position. Yes, sir. If we were to disagree with you about the representation issue, it's still your position, is it not, that there are still triable issues of fact as to whether the alleged oral agreement was fair, whether there was undue influence, whose idea it was, and whether or not your client had suggested that he have Ferrella look at the documents. Your view is, even if we were to disagree with you on who is representing who when, there are still triable issues that should not have been decided on summary judgment. Is that right? That is correct, Judge Bennett. And there are multiple issues with respect to fairness and with respect to whether there was undue influence. You've highlighted a couple of them. So I want to just to make sure we cover this, I want to pivot to a completely separate issue, which is the jury instruction. Yes, sir. So it strikes me, and I'll talk to your friend about this, it strikes me that at least some of their allegations of their claim are clearly barred by the litigation privilege. But I'm having trouble understanding the exact instruction the magistrate judge gave, that is, if the gravamen of the complaint is from the Texas litigation then. Why would that be a proper instruction as opposed to simply telling the jury that there is a litigation privilege if these elements are met? And in order to rule for the other side, they have to find a breach totally exclusive of that, and damage is totally exclusive of that. Why does the gravamen of the complaint capture the litigation privilege issue? Well, I think maybe an answer to your question, Judge Bennett, is to go to the description that opposing counsel told the jury. Which was, and I'm paraphrasing here, in essence, if the California suit, if you believe we filed it, if it was retaliatory, then that's what that is going to. So- But Mr. Boyce, I mean, the intent may or may not be an element, but isn't the scope of that privilege a question of law that the judge should have framed first? Well, I think that the gravamen language attempts to do that, and this is really an amalgam of two different things. And maybe that makes it a little more challenging than an ordinary jury instruction. But this encompasses both the statutory California privilege and the separate Norr-Pennington doctrine to preclude it. One's immunity, one's privilege. It doesn't affect the fact that those protections preclude the breach of fiduciary duty claim that Sellers was attempting to bring. Following up on my colleague's question, whether it's a California privilege or a Norr-Pennington, or arguably anti-SLAPP language, why is this a question for the jury? This is a legal question, is it not? Why was the jury involved at all in that issue? Well, in the post-trial order and post-trial motions, the district court explained the basis for a fact-finding here, because— And say we disagree totally with the district judge about that. Just as a lawyer, why would the issue of the gravamen of the complaint be an issue for the jury? You only look at pleadings and things like that. It would be the judge's decision, not the jury's decision. They don't know anything about what the gravamen of the complaint is, do they? I think that the dispute that was appropriately to be submitted to the jury— We believed it was privileged as a matter of law, but the court submitted it to the jury. The notion was that there was a fact issue about the basis for the suit. Sellers took the position. Roach is making statements about ownership rights and sellers clouding our title, impacting our trademarks, things like that. And that's why we filed it. We had evidence that it was done in a retaliatory fashion because of the first filed Texas suit, which is still pending in Houston in Harris County. That stayed pending the outcome of this litigation, correct? Correct. There's a trial setting on October 15th in the Harris County action. Most recently, the Harris County trial judge has abated it, not released the trial setting, but abated further arguing in that court until we see what the Ninth Circuit does. Can you tell me, please, the Texas action—I've glanced at the pleading, but what is the claim in the Texas action? So the Texas action is Roach versus Constellation and Fred individually. Sellers is not part of the Texas litigation. Although Sellers was invited to intervene and it declined to do so, instead it goes here and files the separate lawsuit. Was Fred subject to the jurisdiction of the Texas court? I'm sorry, say again? Was Fred subject to the jurisdiction of the Texas court? He is for certain claims. There's been an appellate battle going on in Texas over personal jurisdiction, and the bottom line is— Was he ever in Texas? Was he in Texas? Yes. So the appellate result in Texas state court is that there is personal jurisdiction over Fred with respect to fraud claims, and there's appellate jurisdiction with respect to Constellation over certain claims. So there's still a live case in Texas. Fred and Constellation are still in it. Okay, now you're down to 5 minutes, 10 seconds. Up to you. You can keep going or save your time for rebuttal, whatever you like, counsel. Pending any further questions from the panel, I'd like to— I have one more. One more question. Sorry to get into your rebuttal time. Yes, sir. Correct me if I'm wrong, but you have not cross-appealed from the decision not to grant summary judgment with regard to the litigation privilege? We are appealing—correct. We are appealing to uphold—advocating to the court to uphold the jury's verdict. The jury's verdict, but you haven't cross-appealed and said we should have gotten summary judgment. The judge erred in doing that. That is correct. What we're asking the court to do is to conclude, I guess, whether it's characterized as a matter of law or a matter of fact. We prevail either way that the litigation privilege applies, and it precludes sellers' breach of fiduciary duty claims.  So you think your brief—and I'm not suggesting it hasn't—but you believe your brief would allow us to uphold the jury's verdict, even if we found the instruction was wrong, if the claim as a matter of law were barred by the litigation privilege? That is correct. All right. Thank you. Thank you. Very well. Mr. Lowe. May it please the Court, where you're from, where I'm from, it's a privilege to be an  It's a privilege to be here, but it's also a great responsibility. When you're an attorney, you always put your client's interests ahead of your own, and you always know that you're responsible for making sure both of you follow the law. And even in this case, at this level, Roach still refuses to abide by those responsibilities, still refuses to acknowledge that he was bound by 3-300 to his clients, which he has pled and said in his testimony the entire time that he represented Fred Schrader. Part of the deal that he had with Fred Schrader was for his legal representation of Schrader sellers, yet he didn't get it in writing. He didn't do the three things you have to do. Counsel, let me ask you this. I, of course, am familiar with 3-300, and I know what the district court ruled. Your learned counsel says, your opposing learned counsel says that that's all well and good, but the district judge took some factual issues that are essential to deciding the result of the application of Rule 3-300, and that those really are material issues of fact that should be decided by the trier of fact, in this case, the jury. What's your answer to that? I don't see how, with the undisputed facts that were in the record at that time, the undisputed fact that a material term of the deal was that Roach would provide legal representation of the Schrader sellers. And the discussion of 3-300 makes clear that even if you're not previously representing a client, when you start representing them and it's part of a deal, you must follow 3-300. There is no disputed material fact Roach should not follow 3-300. So, I'm sorry. From your perspective, then, there are enough undisputed facts that Section 3-300 is undisputedly made out, nothing further need to be said, because it's an admitted fact that the elements of 3-300 are satisfied. Is that correct? That's correct, Your Honor. But, counsel, we said 30 years ago, and I can't now put my finger on the case, but that 3-300 or its translation into the probate code is not an automatic voider. Isn't that correct, that it establishes a presumption which can be overcome by evidence? In Inouye-Kersh, Your Honor, this court did observe that any section of CPRC, including 3-300, might not itself establish liability. But the California Supreme Court in 2018, in the Shepard Mullins case, made clear that when you violate 3-300 or similar provisions, that renders the contract unenforceable. I read the cases as saying that there is still a test. Are you saying that the California Supreme Court has said that the language in the probate code 16004, which says that this is a presumption affecting the burden of proof, that there are no facts that can overcome it, and so it's really an irrefutable presumption? It is related to Roach's attempts to enforce his unethical agreement. So what was decided at the summary judgment? As far as it goes to the fiduciary duty breach, which is established by 16004, Roach then has the burden to prove that the terms were fair and reasonable and fully disclosed to his client. So would you agree, and I know you don't agree, that the facts show this, even in the light most favorable to Roach, but would you agree that if the facts in the light most favorable to Roach showed that the terms were fair and reasonable, that Fred understood them, and that Fred knew he could have Ferrella look to come up with an agreement, and that he, in fact, defrauded Roach pursuant to the terms of the alleged oral agreement, that if those were facts which, in the light most favorable to Roach, that we could find them or a jury could find them, would it be your view that still that doesn't overcome the presumption? Well, first, Your Honor, I don't agree with that those facts were presented as described or... Oh, no. I'm giving you a hypothetical. A hypothetical. If the terms of the agreement were so clearly, and the Kirsch case is a good case to explain how that happens. In that instance, the clients admitted they knew what the terms of the deal were. There's been no such admission by Mr. Schrader. But we're looking at the facts in the light most favorable to Roach. So would you agree, totally as a hypothetical, that if the facts, as I laid out in the light most favorable to Roach, that a jury could find all those facts, would you agree that that would overcome the presumption hypothetically? I don't, Your Honor. And the reason why I don't is because I believe that even in that hypothetical, there's not full disclosure of the terms of the agreement. There may be questions of fairness, but the actual disclosure in this case is definitely uncontested. There is... I understand your position on this in response to my colleague. They never pled that. They never pled that he was told to consult another lawyer. They never pled that this was fair and just. And you have to establish those elements. So those aspects are not materially in dispute. And without each of those being found, you can find the contract voidable. Is that your position? Absolutely, Judge Smith. And that's also what the district court observed on summary judgment. Why would you have to plead it, counsel? Why wouldn't you just have to plead you have a contract? I have an oral contract, and here are the terms. And then in response to your motion that under the statute, under the professional responsibility code and the probate code, this is voidable and void, why wouldn't you just be able at summary judgment to allege those facts? Why would you have to plead as an element of your oral contract all of these things as opposed to just pleading what the terms were and that there was consideration, et cetera, and then deal with the rest of it in affidavits and depositions? Perhaps it's maybe how Roach pled this in 70, 80 pages or basically pled himself out of court. He pled that he didn't disclose the terms by virtue of everything he lays out in that extensive set of counterclaims. That's the problem. But the bigger problem is when it got to summary judgment, there's no doubt it would have been his burden to prove fairness and disclosure. And the trial court observed that he didn't even try at summary judgment to come forward with evidence. Well, I saw the trial court saying that. I don't understand that because I'm looking at his declaration. I'm looking at the various depositions. And it certainly seems to me that whether it meets the burden or not, that there is evidence that this was fair. There's evidence that things were disclosed. And there was evidence, at least in the light most favorable to Roach, that Fred tried to defraud him but knew everything that was going on. So, I mean, I didn't really understand the magistrate judge's determination that he didn't even try because I'm looking at all this evidence. Well, Your Honor, maybe it is a distinction between Fred and Schrader Sellers. But how in the world could this agreement have been fair to Schrader Sellers? Granted, he wrote them a check, two checks for $135,000, and then claims they're not part of the deal when it serves his interest. But they paid him back with interest. But Schrader Sellers' RBS was always made, produced, sold, all the taxes paid, everything by Schrader Sellers. And for him to come back 16 years later and say he owned that wine is not fair to Schrader Sellers. He's claiming to have been in the position of an equity holder at the same time he is a loaner. In other words, had Schrader Sellers went belly up back then, he would have been a creditor. But no, because he got paid back with interest in a check that said final payment loan, now all of a sudden he gets a piece of the action just because he says so. That is the only — all that evidence you're talking about, Your Honor, is from his mouth. But that's what 3300 is designed to prevent. Because attorneys are very good at knowing how to prove their case, especially if they can control the evidence themselves. We're relying on a guy who can tell you what happened in 2001 with perfect knowledge, but it also seems to change when it serves his interest. JUSTICE KENNEDY Counsel, in the evidence that my colleague referred to, is there anywhere where Mr. Roach claimed to have told Fred or Sellers that they should consult or could consult with another lawyer to review the fairness of the deal?  Absolutely not.  I didn't see that either. So if that's true and he didn't tell them that, then notwithstanding all the material issues of fact, he loses, right, under 3300?  Absolutely. And it's worse than that, Judge Smith. Roach received an engagement letter from that Ferrella firm saying, you're the client only. And they also gave him explicit legal advice about what the arrangement he was proposing be done would mean for Fred and how Fred would probably want certain things. Roach admitted in his own testimony he didn't disclose a single word of that to Schrader, Sellers, or to Fred. He kept that information. And his theory about, oh, I give you a check and if you deposit it and use it as you please, then I get a piece of your company, he didn't disclose that either. And over a period of 10 years, when he claims the deal changes over and over and over again, he had 16 years or 15 years to disclose or give some sort of advice to his clients, and he never did. And so this was the quintessential case of an attorney not only breaching his obligations from day one, but day 15 years later, continuously. Mr. Lowe, if the violation of the California rule has a remedy of the transaction being voidable, and I've heard unenforceable, but it looks like voidable, has Fred elected to void it? And where would we find that in the record? The problem, Your Honor, is I think there are two deals here. And there's a deal my client claims exists and there's his deal. So voiding a deal that didn't exist in the first place, I guess, is where my mind gets messed up. Shepard Mullen says the deal's unenforceable regardless. So whether or not you have to take an affirmative action to enforce it. Remember, our clients had standing to adjudicate who owns their assets. They also had standing to defend the counterclaims where Roach claimed that he was enforcing this unethical agreement against them. And so I don't think that required anything more than that. Enforcing the deal, enforcing the deal, as Shepard Mullen says, would cause you to conflict with California public policy and California law. There's no reason to void it. Well, I guess as I understand the logic of the, I'll take another look at the relation of Shepard Mullen and some of the earlier cases that speak to voidability, is that the rule itself allows a client to ratify a transaction that would otherwise be problematic under the rule. And I guess I'm just trying to find where in the record, whether it's Sellers or Fred, or where did they repudiate or void the deal if they had that option? Sure, Your Honor. I think the most obvious place is by bringing this lawsuit and pleading the declaratory judgment action that was pled. Fred testified, has testified from day one consistently. It was a loan. He was loaned $135,000. He paid back with interest. He paid a yearly retainer of wine for attorney's fees. And when he got sued and now Schrader Sellers got sued for violating a different deal with Equity Kicker, at that point, that's where our clients say, okay, you not only have caused us damage by clouding title, but we're entitled to the equity, equitable remedy of disgorgement, which comes from voiding the real deal, which is the original deal of the loan. That, I would say, where in the record is our claims avoiding it? Counsel, let me ask you this. Arguendo, if we were to agree with the district court regarding the 3-300 issue, and we were arguendo to think that the jury should have had no role in determining the gravamen of the complaint, I assume your position is we would send this back for a new trial. Is that right? That's correct, Your Honor. Now, can you comply with the statute of limitations on your claim at that point? And if so, why? Absolutely. And the jury found we had. The statute of limitations was a question then. The reason why is the damage to Schrader Sellers came from the clouding of title, causing Schrader Sellers to have to employ a new counsel to take steps to remedy the old counsel Roach's problem. That occurred within a year of filing suit. Now, the second remedy of disgorgement does not have a statute of limitations problem, because that's only triggered upon a finding of liability. My clients are consistent. The original deal was not harmful to them. It's the clouding of title and claiming equity that caused the harm. So we believe the only question to go back on are the question of damages and then the question of then equitable relief. But, Mr. Lowe, if the privilege is a question of law, why would not the district court have the opportunity to decide that question prior to any retrial? It's a good question, Judge Johnston. I think it did. The district court found that there was a breach of fiduciary duty and explained that the reason for the breach was not following 3-300. That's all it takes. That's the gravamen of the claim. If the concern is the jury. So where would we, it's a little bit like the voiding of the contract, where would we look to find the district court holding that the privilege applied given that the court put it to the jury? Well, the substance of the district court finding the fiduciary duty breach is in the jury instructions themselves to the jury. That's why those instructions make no sense then to later say, but if you find the gravamen is not the breach of 3-300 something else, then you can find privilege. That's why it never made sense to me. But as I understood your argument that there were, at least one alternative argument, is that there are at least two different vehicles for the privilege to obtain. One is the lawsuit and the other is Mr. Roach's out-of-court statements of ownership. It strikes me that, again, where should I look to find that the district court actually did decide that so that we could remand for a new trial? Yes, Your Honor. I believe the district court decided it whenever it found the breach of fiduciary duty, both even at summary judgment, but here by finding that there was adequate grounds irrespective of the lawsuit. The prior conduct is the basis of the lawsuit, not the subsequent filing of a suit. That's California law saying you can't reverse immunize. So I just think there's no legally sufficient evidence of privilege. And so if you determine that, the district court would need to revisit that again. Your time is up. Let me ask my colleagues additional questions. All right. Thank you very much for your argument. Mr. Lowe, Mr. Boyce, you have some rebuttal time. I would like to start by following up on my answer to Judge Bennett. I would direct you on the question of our requesting application of the privilege as a matter of law. I have a briefing site for you, page 46 of our third brief. I would start with that. Just Judge Johnstone, I think that the order regarding privilege, which appears in volume one of the excerpts of record, pages 60 through 61, gives you the trial courts thinking about the privilege issue and what it was trying to accomplish. But I don't want to lose sight of the larger picture, which is question of law or question of fact. We think the privilege is applicable. We don't think a remand for a retrial on seller's breach of fiduciary duty claim is warranted for that reason. But we do— Let's just say arguendo. If the court were to conclude that the issue of the grabberment of the complaint or the case was a matter of law, what should we do? I think this court has the authority to reverse and render in Roach's favor on that. With respect to seller— The jury decided in his favor. What would we be reversing based on your position? I guess it would be that the jury finding was immaterial. Either the jury finding was consistent with a matter of law ruling or it was immaterial because it's a question of law. And what's your position? Your opponent says that the trial judge actually decided the grabberment issue by virtue of his ruling regarding essentially Rule 3, 300. What's your position on that? So I would invite the court to review the summary judgment order and then review the jury instructions. So the summary judgment order starts at page 75 of Volume 1. The jury instructions start at page 24. And what you're going to see is that in the summary judgment order, the trial court said, I believe, Rule 3, 300 applies. I believe it was not complied with. The contract is voidable. And then—but what the summary judgment order does not say, and therefore, there was a breach of fiduciary duty. The instructions say that. The jury instructions say that. And so that is, we believe, an extrapolation from the summary judgment order. Counsel, does—again, based on the fundamental basis of 3, 300, when you violate that, isn't that per se a violation of fiduciary duty? Kirsch and multiple authorities say that standing alone, a violation of the disciplinary rules is—does not establish civil liability. It may be evidentiary of a claim for breach of fiduciary duty. Don't lawyers have a fiduciary duty to their clients? Again, the purpose of the disciplinary—the answer to your question is yes, they owe a fiduciary duty. And are you endowed if Mr. Roach violated that duty by failing to comply with 3, 300? Isn't there, by definition, a breach of fiduciary duty? A jury gets to decide whether—  —the failure to comply with 3, 300.  Because Kirsch and multiple cases say that the rules do not exist to establish civil liability. They may—they exist for disciplinary purposes. It may be disciplinary of it, but you may well have a situation, which we believe is present here, where it's not a situation of a faithless attorney who takes advantage of the client, but the other way around. You concede, though, that the cases show that you move to the probate code and there is a rebuttable presumption. There is a rebuttable presumption, and we proffered evidence to rebut it in our summary judgment briefing. And I can offer you individual sites. I suspect the Court already knows where those are. There's been some contention—there was some contention by the district court that we hadn't done that, and we did raise it. I see the red line. May I finish my answer? Answer his question, please. Okay. So this was fairness. The rebuttal of the presumption was expressly waived—expressly raised in our summary judgment briefing. I would direct the Court to Volume 4 of the Excerpts of Records, 659 to 660. It was also discussed during the Court hearing at pages 552 through 553, where we expressly said to the Court, fairness is a jury issue. And then we raised evidence pertaining to fairness, which I can tick through very quickly. Fred obtained benefits from the agreement. Fred misrepresented the agreement to Roach. Fred required that there be no written agreement. But, counsel, Fred's not the lawyer. It's not his obligation to disclose these things. It's not his obligation to establish the bona fides of the contract. It's your client. He's the lawyer. It seems like you're putting Fred on trial here, as if he were the lawyer, that he's the one that had to explain everything. That's backwards, isn't it? I would respectfully submit that a jury gets to look at all of the facts and circumstances, just like, you know, the circumstances that are outlined in Kirsch, and decide if there is a rule violation, does that necessarily get you to the next step? Important to remember that Fred is separately represented as well. Fred's own law firm said that the circumstances favored Fred. That appears at page 10 of excerpts of record 1799. And in answer to the question that you had raised, Judge Smith, about advising Fred about the limits of representation or the circumstances, I would direct you to volume 4 of the excerpts of record, page 683-84 and 766-68, wherein they reflect that Roach told Fred that Roach would not opine on California law, that he was going to have to get a California lawyer to do things like that. So my point is, we respectfully submit that there is at least enough to raise a fact issue on the issues that were decided by summary judgment. Okay. My colleague has an additional question. Yes, sir. Since the jury's verdict on the privilege issue was predicated on the breach of fiduciary the district court would have to revisit the privilege issue after, based on the facts found by the prior verdict. In other words, that if you get a retrial, the privilege issue has to come up again and be decided over again? I do not agree with that. And let me state it positively. Yeah, explain. I think this court has the authority and it would be appropriate to affirm the jury verdict and reverse the summary judgment. And essentially, the way I think about this is, this case has two different buckets. There's the bucket of Sellers' breach of fiduciary duty claim against us, which is knocked out by the privilege. That does not need to be retried. And then there is the separate bucket of Roach's ownership claims, the declaratory judgments relating to ownership of interest in the wine in RBS. And I think that can be reversed. The summary judgment should be reversed. It would be remanded for further proceedings consistent, perhaps a trial. So, I think the decision tree has two different branches there. I don't think it necessarily follows one or the other. And our focus is the bucket that has Roach's claims for ownership were improperly determined by summary judgment. And those do need to go back. Other questions about my call? All right. Thank you very much. Thank you both for your argument. The case just argued is submitted.
judges: SMITH, BENNETT, JOHNSTONE